IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEROME GREER-EL, #185535, )<br>a.k.a., Jerome Greer, #185535, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>  )<br>ALA. DEPT. OF CORRECTIONS, et al., )<br>  )<br>  Defendants. ) | CASE NO. 2:15-CV-395-MHT<br>(WO) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jerome Greer-El, a state inmate, against the Alabama Department of Corrections, Leon Forniss, Anthony Jones, Hunter Futral, Christopher Arrington and Chauncey Caldwell. In this cause of action, Greer-El alleges that defendants Arrington and Caldwell used excessive force against him on June 2, 2014 at the Staton Correctional Facility. Doc. 1 at 5. He further complains that defendants Forniss, Jones and Futral failed to protect him from the force used by Arrington and Caldwell. Doc. 1 at 6–7, 9. Finally, Greer-El asserts that the actions of these officers resulted from the failure of defendant Forniss to train and supervise his staff adequately. Doc. 1 at 7. Greer-El seeks issuance of a declaratory

---

[1] All documents and attendant page numbers cited herein are those assigned by this court in the docketing process.

judgment, injunctive relief and monetary damages for the alleged violations of his constitutional rights.  Doc. 1 at 8.

The defendants filed a special report, supplemental special report and relevant evidentiary materials addressing the claims for relief raised by Greer-El.  In these filings, the defendants deny they violated Greer-El's constitutional rights.  The defendants further assert they are entitled to summary judgment as res judicata bars Greer-El from litigating his claims before this court because of a prior judgment entered on these same claims by the Circuit Court of Montgomery County, Alabama in favor of all the defendants named in this case and other additional defendants in *Greer v. Corrections Dept. State of Alabama, et al.*, Case No. CV-2015-259-GOG, Circuit Court of Montgomery County, Alabama (Mar. 8, 2016).  Doc. 45 at 1–5.

After reviewing the defendants' initial special report, Doc. 17, the court issued an order on July 30, 2015 directing Greer-El to file a response, supported by affidavits or statements made under penalty of perjury and other evidentiary materials, to each of the arguments set forth by the defendants in their report.  Doc. 18 at 1–2. The order specifically cautioned that "**unless within fifteen (15) days from the date of this order a party … presents sufficient legal cause why such action should not be undertaken** … the court may at any time [after expiration of the time for the plaintiff filing a response to this order] and **without further notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." Doc. 18 at 2–3.  On August 11, 2015, the defendants supplemented their

2

special report with a signed declaration from defendant Arrington.  Doc. 19-1.  Greer-El filed a response to the defendants' reports on September 10, 2015.  Doc. 24.  The court required submission of an additional special report from the defendants, Doc. 44, and the defendants filed the requisite supplemental special report on February 5, 2018.  Doc. 45.  Upon receipt of the supplemental special report, the court provided Greer-El an opportunity to file a response to this report.  Doc.  48.  Greer-El filed a response to this order on February 20, 2018.  Doc. 50.

In this response, Greer-El argues that the order entered on June 30, 2015 denying the defendants leave to file a motion to dismiss based on abatement forecloses their res judicata defense.  Doc. 50 at 2.  Greer-El further alleges that in the aforementioned order this court determined that he had dismissed his state case prior to any ruling by the state court on his claims.  Doc. 50 at 2.  These arguments are without factual basis and refuted by the record.  Denying the defendants leave to file a motion to dismiss based on abatement during the early stages of this case in no way precluded their ability to raise the bar of res judicata later on.  In addition, contrary to Greer-El's allegation, the order at issue did not find that Greer-El had dismissed his state case.  Instead, the order merely noted that Greer-El stated "he would 'elect to have the state claim dismissed' so that he may proceed before this court on his claims."  Doc. 15 at 1 (citation to record omitted).  The order therefore advised Greer-El "that if he seeks to dismiss his state civil action he should file an appropriate motion with [the] Circuit Court of Montgomery County, Alabama."  Doc. 15 at 2.

A review of the record of the state court proceedings demonstrates that Greer-El did not file a motion to dismiss his state case.[2] The state record further shows that on March 8, 2016 the trial court granted the defendants' motion for summary judgment and "entered [judgment] in favor of Defendants on all claims." Doc. 45-3 at 1–2.[3] Finally, at the time this court entered the June 30, 2015 order, the record did not contain a copy of the *actual* complaint filed by Greer-El in the state civil action. Instead, the exhibit filed by Greer-El in support of his motion to strike the defendants' motion for leave to file a dispositive motion, Doc. 14-1, which Greer-El indicated represented the complaint filed in the Circuit Court of Montgomery County, Alabama in Case No. CV-2015-259, is not a copy of the complaint filed in that case. The actual complaint filed in the state case is contained in Doc. 45-1 at 1-7. Thus, the finding by this court in the June 30, 2015 order "that . . . [Greer-El's] state complaint requests relief solely provided by state law[,]" Doc. 15 at 1, a finding based on the contents of the complaint submitted by Greer-El in opposition to the defendants' motion for leave to file a dispositive motion and erroneously identified by Greer-El as the actual state complaint, is contradicted by the record now before the court. Specifically, the current record before the court demonstrates that the complaint filed by Greer-El in the state civil action presents claims for relief under state law and concomitant claims alleging violations of Greer-El's federal constitutional rights, all arising from the

---

[2]The court takes judicial notice of the case details for Greer-El's state civil action found on the Alabama Trial Court System, hosted at www.alacourt.com. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

[3]The state record also indicates that the trial court scheduled the state case for a hearing but did not hold a hearing in the matter prior to granting the defendants' motion for summary judgment. Nevertheless, the lack of a hearing has no impact on the preclusive effect of res judicata when the claims have been adjudicated on the merits. *See Mars Hill Baptist Church of Anniston, Ala. v. Mars Hill Missionary Baptist Church*, 761 So.2d 975, 978 (Ala. 2000).

force used against him on June 2, 2014. Doc. 45-1 at 1-7. Thus, the arguments presented by Greer-El in response to the defendants' assertion of res judicata as a bar to this court's review of his claims entitle him to no relief from the preclusive effect of res judicata.

Pursuant to the orders entered in this case, the court now treats the defendants' reports collectively as a motion for summary judgment and concludes that summary judgment is due to be granted in favor of the defendants.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (internal quotation marks omitted); Rule 56(a), Fed. R. Civ. P. ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[4] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

---

[4] Although Rule 56 underwent stylistic changes in 2010, the revision of "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Despite these changes, the substance of Rule 56 remains the same and, therefore, all cases citing prior versions of the rule remain equally applicable to the current rule.

317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (holding that moving party has initial burden of showing there is no genuine dispute of material fact for trial).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–24; *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (holding that moving party discharges his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial).

When the defendants meet their evidentiary burden, as they have in this case, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3); *Jeffery*, 64 F.3d at 593-94 (holding that, once a moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or statements made under penalty of perjury], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact).  In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." *Beard v. Banks*, 548 U.S. 521, 530 (2006)

(internal citation omitted).  This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment.  *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014).  "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor such that summary judgment is not warranted. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007).  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  "[T]here must exist a conflict in substantial evidence to pose a jury question." *Hall v. Sunjoy Indus. Group, Inc.*, 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citation omitted).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Although factual inferences must be viewed in a light most favorable to the plaintiff and pro se complaints are entitled to liberal interpretation, a pro se litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus,

7

Greer-El's pro se status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

The court has undertaken a thorough review of all the evidence contained in the record. After this review, the court finds that Greer-El has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendants based on res judicata.

### III. DISCUSSION

The defendants assert that the doctrine of res judicata bars review of Greer-El's claims for relief because the instant complaint contains claims presented to the Circuit Court of Montgomery County, Alabama in a prior civil action against the same defendants wherein the state court entered judgment in favor of the defendants. Doc. 45 at 2. The state court record in *Greer v. Corrections Dept. State of Alabama, et al.*, Case No. CV-2015-259-GOG demonstrates that Greer-El alleges violations of state law and his federal constitutional rights based on the same claims and factual allegations as those presented in the instant civil action. Doc. 45-1 at 1-5. In addition, the defendants named in this case are also named as defendants in the state case.

"Res judicata … refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit." *I.A. Durbin, Inc. v. Jefferson National Bank*, 739 F.2d 1541, 1549 (11th Cir. 1986).

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S.

> 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id*., at 748-749, 121 S.Ct. 1808. By "preclud[ing] parties from contesting matters that they had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–154, 99 S.Ct. 970, 59 L.Ed.2d 220 (1979).

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (footnote omitted). The law is well settled that "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, … the two cases are really the same 'claim' or cause of action for purposes of res judicata." *Ragsdale v. Rubbermaid, Inc*., 193 f.3d 1235, 1239 (11th Cir. 1999). Thus, when the substance and facts of each action are the same, res judicata bars the second suit. *Id*.

> When [this court is] "asked to give *res judicata* effect to a state court judgment, [it] must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *Amey, Inc. v. Gulf Abstract & Title, Inc*., 758 F.2d 1486, 1509 (11th Cir. 1985) (quotation omitted). Because [the defendants] contend [an] Alabama judgment[] bar[s] this action, the *res judicata* principles of Alabama apply.
> Under Alabama law, "the essential elements of *res judicata* are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Equity Res. Mgmt., Inc. v. Vinson*, 723 So.2d 634, 636 (Ala. 1998). If all four elements are met, any claim that was, or could have been, adjudicated in the prior action is barred from future litigation. *Id*.

*Kizzire v. Baptist Health System, Inc*., 441 F.3d 1306, 1308–09 (11th Cir. 2006). Under Alabama law, two causes of action are the same for res judicata purposes when "the same evidence substantially supports both actions." *Id*. at 1309 (citation omitted). "Res judicata

applies not only to the ***exact legal theories*** advanced in the prior case, but to ***all legal theories and claims*** arising out of the same nucleus of operative facts." *Old Republic Ins. co. v. Lanier*, 790 So.2d 922, 928 (Ala. 2000) (quotations and citation omitted) (emphasis in original).

When applying Alabama law to this case, the court finds that res judicata bars review of the claims presented in the instant 42 U.S.C. § 1983 action. The court will address each of the elements necessary for application of res judicata.

**1.** **<u>Final Judgment</u>.** In March of 2015, Greer-El filed suit in the Circuit Court of Montgomery, Alabama against the defendants named herein and other defendants claiming the defendants "used excessive force against him (or failed to prevent an improper use of force)" due to inadequate training in violation of state law and his constitutional rights. Doc. 45-3 at 1, Doc. 45-1 at 1–4. The operative nucleus of facts for the state civil action is the same as that for the instant federal civil action. On March 8, 2016, after reviewing the complaint, the defendants' motion for summary judgment and the evidentiary materials submitted by the parties, the state court granted the defendants' motion for summary judgment and "entered [judgment] in favor of Defendants on all claims." Doc. 45-3 at 1–2. Greer-El did not appeal this ruling.

"A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of the parties disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of the formal, technical, or dilatory objections or contentions." *Mars Hill*, 761 So.2d at 978 (internal citation omitted); *Bd. of Trustees of the Univ. of Alabama v. Am. Res.*

*Ins. Co.*, Inc., 5 So.3d 521, 533 (Ala. 2008) (same).  This is true even when the court does not conduct a hearing on the facts of the case.  *Id*.  It is therefore clear that the state court's order granting the defendants' motion for summary judgment and its entry of judgment in favor of the defendants is a final judgment on the merits.

    **2. Court of Competent Jurisdiction.**   In his state civil action, Greer-El sought over a million dollars in damages.  Doc. 45-1 at 5.  Pursuant to Ala. Code § 12-11-30(1), circuit courts in Alabama "shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs[.]"  Consequently, the Circuit Court of Montgomery County, Alabama had jurisdiction over Greer-El's state civil action and constitutes a court of competent jurisdiction.

    **3. Substantial Identity of the Parties.**  Parties are substantially identical for purposes of res judicata when they are the same or in privy with one another.  *Greene v. Jefferson County Commission*, 13 So.3d 901, 912 (ala. 2008); *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1991).  Greer-El is the plaintiff in both the state and federal cases.  The defendants named in this federal civil rights action are also named as defendants in the prior state action. Thus, the substantial identity requirement of res judicata is met in this case.

    **4. Same Cause of Action.**  The record before the court establishes that the federal and state cases filed by Greer-El arose from the same set of facts with each case seeking relief for an alleged use of excessive force against Greer-El and the concomitant failure to protect him from this use of force.  It is therefore clear that "the same evidence substantially

11

supports both actions." *Kizzire*, 441 F.3d at 1309 (citation omitted).  Based on the foregoing, and in accordance with applicable Alabama law, the court finds that Greer-El presented the same cause of action in his state and federal cases.  It is irrelevant for res judicata purposes that Greer-El raised his claims in different types of civil actions — one as a state civil complaint and the other as a 42 U.S.C. § 1983 civil rights action.  *See id* at 1309.  Consequently, the claims presented in this federal civil action entitle Greer-El to no relief as these claims are precluded from review by this court under the doctrine of res judicata.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be DISMISSED with prejudice.

4. Costs be taxed against the plaintiff.

On or before **July 20, 2018**, the parties may file objections to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.

Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 6th day of July, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge